Ronald Desilier

Plaintiff,

V.

Experian Information Solutions, Inc.,

Defendant.

Civil Action No.

JURY TRIAL DEMANDED

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages brought by Plaintiff Ronald DeSilier against Defendant Experian Information Solutions, Inc. ("Experian") for willful and negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Experian is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court.

4. Venue is proper in this District because Plaintiff resides in Massachusetts and the acts complained of were committed and/or caused harm within this District.

## PARTIES

5. Plaintiff Ronald DeSilier ("Plaintiff") is a natural person residing in Massachusetts and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

6. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business at 475 Anton Boulevard, Costa Mesa, CA 92626.

7. Experian is a nationwide Consumer Reporting Agency ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees and on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet. As a CRA, Experian is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

### A. Plaintiff's January 2026 Consumer Disclosure

8. On or about January 15, 2026, Plaintiff obtained a copy of his consumer credit disclosure from Experian through annualcreditreport.com. That disclosure bore Report Number 1057-2477-68 and was generated on January 15, 2026 ("Experian's Disclosure").

9. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Plaintiff's request, Experian was required to "clearly and accurately" disclose all information in Plaintiff's file at the time of his request, with the limited exception that his Social Security number could be truncated upon request.

10. Experian's Disclosure revealed numerous inaccuracies, omissions, and internally contradictory data entries in the tradelines maintained in Plaintiff's file, as set forth below.

### B. The Bank of America Account -- Balance Exceeding Credit Limit

11. Experian's Disclosure reflects a Bank of America credit card account (Account No. 552433XXXXXXXXXX) with a Credit Limit of $3,500 and a reported current Balance of $2,718.

12. However, Experian's Disclosure also reflects a Highest Balance of $3,718 -- a figure that exceeds the stated Credit Limit of $3,500 by $218. This is a facial mathematical impossibility for a credit card account that is subject to a fixed credit limit. At no time did Plaintiff incur overlimit charges or authorize charges in excess of the stated credit limit. Experian's reporting of a Highest Balance exceeding the Credit Limit therefore misrepresents Plaintiff's actual account history and presents a materially misleading picture of Plaintiff's creditworthiness to prospective creditors reviewing the report.

13. The account carries a "POTENTIALLY NEGATIVE" designation, a charged-off status as of January 2026, and appears disseminated in consumer reports produced by Experian to third parties.

14. On information and belief, Experian received full account-level data from Bank of America reflecting the correct credit limit and balance history, yet failed to reconcile or accurately report those figures.

### C. The Ally Financial Accounts -- "Invalid Date" Data Corruption and Duplicate Reporting

15. Experian's Disclosure reflects two separate Ally Financial auto loan tradelines, both bearing account number 228135XXXXXX, opened on nearly the same date in October 2022, and each carrying a "POTENTIALLY NEGATIVE" designation.

16. The first Ally Financial tradeline reflects a status of "Account charged off. $10,961 written off. $10,961 past due as of Dec 2025," with a balance of $10,961 as of December 18, 2025.

The payment history reflects charge-off status continuously from March 2024 through December 2025.

17. The second Ally Financial tradeline reflects a status of "Paid, Closed" as of November 2025, with a balance of $0, an original amount of $44,413, and a payment history reflecting repossession entries from June through October 2025, preceded by a period of no-data entries ("ND").

18. Both tradelines contain the notation "Completed investigation of FCRA dispute -- consumer disagrees" as the current and/or previous comment, establishing that Experian has received prior disputes from Plaintiff regarding these accounts and nevertheless continued to report the same data.

19. Both tradelines further contain extensive sequences of the notation "Invalid date, Invalid date, Invalid date" appearing in the comment history fields, indicating data corruption or a systemic failure of Experian's automated processing to populate date fields from furnisher data, rendering those tradeline histories incomplete and unverifiable by Plaintiff.

20. The concurrent reporting of two separate Ally Financial tradelines with the same account number but conflicting statuses -- one showing an open charged-off balance of $10,961 and one showing a paid and closed repossession -- is internally contradictory and misleading. On information and belief, these represent the same loan account, and dual reporting of a single account inflates the apparent number of delinquent accounts in Plaintiff's file, further harming his creditworthiness.

**D. The Hyundai Capital America Account -- Charge-Off Amount Exceeds Original Balance**

21. Experian's Disclosure reflects a Hyundai Capital America auto loan account (Account No. 202102XXXXXXXX) with an Original Balance of $45,733 and a current reported balance of

$8,613.

22. However, Experian's Disclosure states the account was charged off with "$46,708 written off" -- a figure that exceeds the stated Original Balance of $45,733 by $975. It is mathematically impossible for a charge-off amount to exceed the original loan balance absent fees or interest that are not disclosed in the tradeline, making this entry misleading and inaccurate on its face.

23. The tradeline further reflects the notation "This item remained unchanged from our processing of your dispute in Jun 2022," establishing that Experian reinvestigated this account at some point and left the facially erroneous data in place.

**E. The Santander Bank Account -- Extended "No Data" Gaps in Payment History**

24. Experian's Disclosure reflects a Santander Bank auto loan account (Account No. 300002XXXXXXXXXXX) with a Status of "Account charged off. $38,667 written off. $28,072 past due as of Apr 2025."

25. The payment history for the Santander account reflects extensive "ND" (No Data) entries spanning the majority of 2023 and 2024, interspersed with isolated charge-off ("CO") notations. Specifically, the months of February through December 2023 and February through December 2024 are almost uniformly coded "ND," meaning Experian possesses no payment-status data for those months.

26. The combination of a charged-off status, an inflated write-off amount of $38,667, a current past-due balance of $28,072, and a payment history riddled with no-data gaps renders this tradeline substantially incomplete and incapable of being verified by Plaintiff against his own records. A prospective creditor reviewing this tradeline cannot determine what actually occurred in those blank months.

**F. Plaintiff's Pre-Suit Dispute and Experian's Failure to Reinvestigate**

27. On or about November 2025 -- approximately three to four months before the filing of this Complaint -- Plaintiff submitted a written dispute to Experian via certified mail with return receipt requested, specifically identifying the inaccuracies described in Sections B through E above, including the Highest Balance exceeding the Credit Limit on the Bank of America account, the "Invalid date" data corruption and duplicate reporting on the Ally Financial accounts, the charge-off amount exceeding the original balance on the Hyundai Capital America account, and the pervasive "No Data" gaps in the Santander Bank payment history.

28. Pursuant to 15 U.S.C. § 1681i(a)(1), upon receipt of Plaintiff's dispute, Experian was required to conduct a free and reasonable reinvestigation of the disputed information and to notify the relevant data furnisher of the dispute within five business days. Experian was further required to complete its reinvestigation and provide Plaintiff with written results within 30 days of receiving the dispute.

29. Despite receiving Plaintiff's dispute, Experian either failed to correct the identified inaccuracies, failed to delete information that could not be verified, or failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i. As of the date of this Complaint, the inaccurate information described herein continues to appear in Plaintiff's Experian consumer file and is being disseminated in consumer reports produced by Experian to third parties.

**G. Experian's Systemic Failures and Willfulness**

30. On information and belief, Experian's Disclosure was generated using an automated template that extracts database information from a consumer's file and populates it into various pre-programmed fields on a consumer disclosure form, and the same or substantially similar

template is used each time a consumer requests their file from Experian.

31. The Consumer Financial Protection Bureau has documented systemic and recurring data-quality failures at Experian, including failures to accurately process and report consumer account data received from furnishers. See CFPB Supervisory Highlights. Experian has known of these systemic deficiencies for years, yet has not corrected them.

32. The presence of "Invalid date" notations appearing across multiple dispute-cycle timestamps, the mathematical impossibility of a charge-off amount exceeding an original loan balance, and the mathematical impossibility of a highest balance exceeding a fixed credit limit are precisely the types of errors that would be identified and corrected by any reasonable reinvestigation process. Experian's continued reporting of these figures following prior disputes demonstrates reckless disregard for the accuracy of its consumer reports.

33. Under Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007), a CRA acts willfully within the meaning of 15 U.S.C. § 1681n when it "runs a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." Experian's continued reporting of facially erroneous data following multiple consumer disputes, combined with documented systemic failures and corporate knowledge of those failures, satisfies the willfulness standard under Safeco.

**H. Standing and Dissemination of Inaccurate Reports to Third Parties**

34. The inaccurate information described above has been included in consumer reports produced by Experian and disseminated to third-party creditors and other permissible-purpose users. On information and belief, Experian's Disclosure reflects 12 hard inquiries appearing on Plaintiff's file, confirming that third parties have accessed and reviewed Plaintiff's consumer report containing the inaccurate information.

35. As a direct and proximate result of Experian's inaccurate reporting, Plaintiff has suffered concrete harm, including damage to his credit reputation, inability to obtain credit on favorable terms, and emotional distress. Specifically, as a result of the inaccurate information Experian has disseminated in Plaintiff's consumer reports, Plaintiff has been unable to qualify for credit on favorable terms, has suffered damage to his reputation with prospective creditors, and has experienced ongoing emotional distress and loss of sleep.

## COUNT I

## WILLFUL VIOLATIONS OF THE FCRA -- 15 U.S.C. § 1681n

36. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

37. Experian willfully violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff when preparing consumer reports about Plaintiff, including by reporting: (a) a Bank of America Highest Balance exceeding the stated Credit Limit; (b) two Ally Financial tradelines with the same account number but contradictory statuses; (c) "Invalid date" data corruption throughout the Ally Financial dispute-cycle fields; (d) a Hyundai Capital America charge-off amount exceeding the Original Balance; and (e) pervasive "No Data" gaps in the Santander Bank payment history.

38. Experian willfully violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation upon Plaintiff's dispute submitted on or about November 2025, and by failing to correct, update, or delete the disputed inaccurate information within the 30-day statutory period. After receiving Plaintiff's dispute, Experian continued to report the same inaccurate

information without correction, demonstrating that no reasonable reinvestigation was conducted.

39. Experian's willful violations of 15 U.S.C. §§ 1681e(b) and 1681i have directly and proximately caused Plaintiff to suffer actual damages including damage to his creditworthiness and reputation, inability to obtain credit on favorable terms, and emotional distress.

40. Pursuant to 15 U.S.C. § 1681n, Experian is liable to Plaintiff for: (a) actual damages or statutory damages of not less than $100 and not more than $1,000 per violation, whichever is greater; (b) punitive damages; and (c) costs of the action.

## COUNT II

## NEGLIGENT VIOLATIONS OF THE FCRA -- 15 U.S.C. § 1681o

41. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

42. In the alternative, Experian negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff when preparing consumer reports, as described in Count I above.

43. In the alternative, Experian negligently violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation of Plaintiff's dispute submitted on or about November 2025, and by failing to correct or delete the inaccurate information identified in that dispute within the statutory period.

44. Experian's negligent violations of 15 U.S.C. §§ 1681e(b) and 1681i have directly and proximately caused Plaintiff to suffer actual damages including damage to his creditworthiness and reputation, inability to obtain credit on favorable terms, and emotional

distress.

45. Pursuant to 15 U.S.C. § 1681o, Experian is liable to Plaintiff for actual damages and costs of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ronald DeSilier respectfully requests that this Court enter judgment against Defendant Experian Information Solutions, Inc., and award Plaintiff the following relief:

a.  Actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1);

b.  Statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

c.  Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

d.  Costs of the action pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

e.  An order requiring Experian to correct or delete the inaccurate information described herein from Plaintiff's consumer file; and

f.  Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Ronald Desilier

Pro Se Plaintiff

~~Gatehwidsom~~ 321 Bay drive

~~Boylst6mldsdssowyt~~ Canton, MA 02021

djred508@gmail.com

Dated: March 20, 2026

## EXHIBIT

A. Experian Consumer Report for Ronald Desilier, Report No. 1057-2477-68, January 15, 2026.

B. FTC Advisory Opinion Letter to Darcy, June 30, 2000.

C. Notes or screenshots showing Highest Balance figures exceeding Credit Limits and missing/incomplete payment fields.